JESSICA M. LEANO (SBN 323677)
leano.jessica@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

ADAM BUCK (PHV forthcoming)
buck.adam@dorsey.com
DORSEY & WHITNEY LLP
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
Telephone: (801) 933-7360

KIRK W. SCHULER (PHV forthcoming)
schuler.kirk@dorsey.com
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 4100
Des Moines, IA 50309-2790
Telephone: (515) 283-1000

Attorneys for Defendant SEGWAY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY W. TORRES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEGWAY, INC.,<br><br>Defendant. | CASE NO:<br><br>[Monterey County Superior Court Case No. 25cv002381]<br><br>**NOTICE OF REMOVAL OF CLASS ACTION TO THE UNITED STATES DISTRICT COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446, AND 1453]**<br><br>[Filed with: Exhibits A-C; Declaration of Wei Zhao; Civil Cover Sheet; and Rule 7.1 Corporate Disclosure Statement and L.R. 3-15 Certification of Conflicts and Interested Entities or Persons]<br><br>Complaint Filed: May 6, 2025<br>Trial Date: Not set. |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Segway, Inc. ("Defendant" or "Segway") respectfully submits this Notice of Removal of the above-captioned case, originally filed in the Superior Court of the State of California for the County of Monterey, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because it is a civil class action between citizens of different states, the amount in controversy exceeds $5,000,000, and the plaintiff class consists of more than 100 individuals.

In support of this Notice of Removal, Defendant states and avers as follows:

## I.    FACTUAL BACKGROUND

1.    On May 6, 2025, Plaintiff Jimmy W. Torres, on behalf of himself and all others similarly situated ("Plaintiff"), filed this class action against Segway in the Superior Court of California for the County of Monterey. *Jimmy W. Torres v. Segway, Inc.*, Case No. 25CV002381 (the "State Action").

2.    True and correct copies of the docket for the State Action as of this Notice's filing, as well as all the pleadings, processes, and orders filed and served in the State Action and available on the docket are attached as **Exhibit A** to this Notice of Removal.

3.    Plaintiff is an individual domiciled in Salinas, California, and is a "California resident." (Ex. A at Compl. ¶¶ 20, 23.)

4.    Although Plaintiff alleges that Segway is a Delaware corporation with its principal place of business in the State of California, (*id.* at ¶ 21), as stated in the Declaration of Wei Zhao ("Zhao Declaration") and evidenced in the Statement of Information filed on January 27, 2025, with the California Secretary of State and attached hereto as **Exhibit B**, Segway is a Delaware corporation with its principal place of business in Texas (Zhao Decl. at ¶¶ 4-5; Ex. B).

5.    Plaintiff alleges Segway's "Ninebot Max G30P and Max G30LP KickScooters" (the "KickScooters") are defective, and that he allegedly purchased a G30LP KickScooter in April 2024. (Ex. A at Compl. ¶¶ 5, 43, 51.)

6.    Plaintiff brings this class action on behalf of himself and "all persons who purchased [the KickScooters] in the State of California," a number which he asserts "likely consists of thousands of people." (*Id.* at ¶¶ 59, 62.)

7.    The Complaint asserts five causes of action against Segway: (1) Breach of the Implied Warranties; (2) Violation of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790, *et seq.*); (3) Violation of the California Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*); (4) Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); and (5) Violation of the California False Advertisement Law (Cal. Bus. & Prof. Code § 1750, *et seq.*). (*See* Ex. A at Compl.)

8.    Segway has not entered an appearance in the State Action prior to filing this Notice of Removal.

## II.    DEFENSES

9.    The removal of this action to the Northern District of California does not waive Defendant's ability to assert any defense to this action, including, but not limited to, the right to move to compel arbitration under the Federal Arbitration Act, move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure, move to stay this action, or to challenge class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10.    Nothing in this Notice should be construed as an admission of any of the allegations made in Plaintiff's Complaint. Defendant reserves the right to challenge the Plaintiff's allegations and claims and to deny that Plaintiff is entitled to any of the relief sought in the Complaint. Defendant also reserves the right to raise any and all available procedural and substantive defenses.

## III.   LEGAL STANDARDS FOR REMOVAL

11.    Under 28 U.S.C. § 1441(a), any action brought in state court over which federal courts have original jurisdiction may be removed by a defendant to federal court.

12.    In determining whether jurisdiction exists, courts first look to the allegations in the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). However, "parties may submit evidence outside the complaint, including affidavits or declarations" to support their case for removal. *Id.*

13.    In addition, a defendant's "notice of removal need include only [] plausible allegation[s]" that the action meets the jurisdictional requirements for removal. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

14.    Federal courts have jurisdiction under the Class Action Fairness Act ("CAFA") when: (1) the members of the proposed class are not less than 100; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) there is diversity between the plaintiffs and defendants. 28 U.S.C. § 1332(d)(5)(B), (d)(2).

## IV.   REMOVAL IS PROPER

### A.    The Proposed Class Exceeds 100 Members

15.    District courts have original jurisdiction over a class action under CAFA if the number of members of the putative plaintiff class is not less than 100. 28 U.S.C. § 1332(d)(5)(B).

16.    Plaintiff alleges the "Members of the Class are so numerous that joinder of all members is impracticable" and that the total number of members "likely consists of thousands of people throughout the state of California." (Ex. A at Compl. ¶ 62.)

17.    Plaintiff further alleges that 220,000 of the KickScooters were sold by Segway nationwide. (*Id.*)

18.    One in eight, or roughly 12%, of U.S. residents live in California.[1] If the same percentage of the 220,000 individuals who purchased a KickScooter also reside in California, the putative plaintiff class would include approximately 26,400 members.

19.    In other words, it is reasonably plausible that the putative plaintiff class far exceeds the minimum requirement of not "less than 100."

**B.    The Amount In Controversy Exceeds $5,000,000**

20.    28 U.S.C. § 1332(d)(2) requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs, for a federal court to exercise jurisdiction over a class action.

21.    "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019) (allowing removing defendant to rely on a "chain of reasoning" in calculating amount in controversy).

22.    "In calculating the amount in controversy, a removing defendant may make reasonable assumptions based on the plaintiff's complaint." *Perez v. Rose Hills Co.*, 131 F4th 804, 806 (9th Cir. 2025). A defendant may consider all claims for damages, both actual and statutory, in calculating the amount in controversy. *Sharpe v. Puritan's Pride, Inc.*, No. 3:16-cv-06717-JD, 2017 U.S. Dist. LEXIS 16531, at *6 (N.D. Cal. Feb. 6, 2017).

23.    "Punitive damages are generally part of the amount in controversy in a civil action." *Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-cv-00719-NC, 2019 U.S. Dist. LEXIS 59399, at *14-15 (N.D. Cal. Apr. 5, 2019). A removing defendant must show that a punitive damages amount is reasonable. *Greene v. Harley-Davidson, Inc.*, 965 F.3d

---

[1] Hans Johnson, Marisol Cuellar Mejia, and Eric McGhee, *California's Population*, PUB. POL'Y INST. OF CAL., 1 (2025), https://www.ppic.org/wp-content/uploads/JTF_PopulationJTF.pdf.

767, 769 (9th Cir. 2020) (defendant calculating punitive damages based on a 1:1 punitive/compensatory damages ratio).

24. Plaintiff alleges that customers purchased the KickScooters for "between $499.99 and $1,000." (Ex. A at Compl. ¶ 9.)

25. Plaintiff alleges that he and the members of the class are owed compensatory damages in the form of a refund of the purchase price. (*Id*. ¶ 51.)

26. If the class consisted of only 10,000 members (i.e., much less than the expected 26,400 members based on population percentages), compensatory damages would approximate $5,000,000 *if* each putative class member purchased a KickScooter at the lowest alleged price point. Because the class is likely much greater than 10,000, and because many members likely paid more than the minimum, the amount in controversy is more than $5,000,000.

27. Furthermore, in addition to a refund for the purchase price of the KickScooters, Plaintiff seeks statutory and punitive damages in his third and fourth causes of action. (*Id.* at ¶¶ 118, 129.) Plaintiff also seeks an injunction. (*Id.* at ¶ 143.) *Diamos v. Specialized Loan Servicing LLC*, No. 13-cv-04997 NC, 2014 U.S. Dist. LEXIS 158092, at *5 (N.D. Cal. Nov. 7, 2014) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

28. Adding Plaintiff's claims for actual damages, punitive damages, statutory penalties, and the value of injunctive relief, the amount in controversy in this action easily exceeds $5,000,000.

### C. There Is Complete Diversity Of Citizenship Between The Proposed Plaintiffs and Defendant.

29. For a district court to exercise jurisdiction over an action originally brought in state court, there must be diversity of citizenship. *See generally* 28 U.S.C. § 1332.

30. In a class action, diversity is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A).

31.    An individual's "domicile" determines their state citizenship. *Adams v. West Marine Prods.*, 958 F.3d 1216, 1221 (9th Cir. 2020). An individual is "domiciled" where they are physically present and intend to remain. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

32.    A corporation or other business entity is a citizen of the state (or states) where it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1).

33.    Federal jurisdiction is based on the citizenship of the parties at the time of filing and at the time of removal. *Kacludis v. GTE Sprint Commc'ns Corp.*, 806 F. Supp. 866, 869 (N.D. Cal. 1992); *see Gist-Reed v. Alpha Analytical Lab'ys., Inc.*, No. 2:24-cv-03282-DJC-CSK, 2025 U.S. Dist. LEXIS 106225, at *6 (E.D. Cal. June 4, 2025) (defendant successfully rebutted the alleged citizenship of the plaintiff by showing that she was a resident of Tennessee, not California, at the time of filing her complaint).

34.    Plaintiff alleges that he is domiciled in Salinas, California and seeks to represent a class of "people throughout the state of California." (Ex. A at Compl. ¶¶ 20, 62.)

35.    Plaintiff alleges that Segway is a Delaware corporation with its principal place of business in California. (Ex. A at Compl. ¶ 21.) This allegation, however, is not accurate as of now, or at the time Plaintiff filed his complaint.

36.    That is, prior to this year, Segway maintained its principal place of business in California. (Zhao Decl. ¶ 3.)

37.    However, in 2025, Segway moved its principal place of business to Texas, as recognized in the January 27, 2025, Statement of Information Segway filed with the State of California stating that its principal place of business is 6600 Chase Oaks Blvd., Suite 150, Plano, TX 75023. (*Id.* ¶ 4; Ex. B.)

38.    Consequently, as of January 27, 2025, Segway is a citizen of the State of Delaware, its place of incorporation, and Texas, the state in which it has its principal place of business.

39.    The State Action was filed on May 6, 2025, at which time Segway was a citizen of Delaware and Texas. Therefore, at all relevant times, there was diversity of citizenship between Plaintiff and Defendant.

40.    Accepting as true Plaintiff's allegations as to his own citizenship, there is the requisite diversity between Plaintiff and Segway.

## V.    PROCEDURAL REQUIREMENTS FOR REMOVAL

### A.    Removal Is Timely

41.    28 U.S.C. § 1446(b) provides that a notice of removal "shall be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim[s] for relief." *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint").

42.    Defendant was served with the complaint and summons on May 13, 2025. (*See* Ex. A at Proof of Service of Summons.)

43.    This Notice of Removal is timely because it has been filed within 30 days of service of the Complaint and Summons.

### B.    Venue

44.    The United States District Court for the Northern District of California is the proper venue for removal, as it encompasses the County of Monterey, where Plaintiff filed the Complaint. 28 U.S.C. § 84(a).

### C.    Notice of Filing

45.    Defendant will concurrently file a copy of this Notice of Removal with the Clerk of Superior Court in the County of Monterey and serve Plaintiff's counsel with the same. A true and correct copy of the Notice to be filed with the Superior Court is attached hereto as **Exhibit C**.

46.    Defendant further certifies, pursuant to L.R. 16-2(b), that it will serve Plaintiff's counsel with the Order Setting Initial Case Management Conference, after it has been received from the Court.

**D.    No Other Named Defendants or Prior Removals**

47.    Segway is the only named defendant and is not aware of Plaintiff attempting to join any other defendants to this action.

48.    Defendant has filed no previous Notice of Removal related to the State Action.

## VI.    CONCLUSION

49.    For the foregoing reasons, this Court has jurisdiction over this action under 28 U.S.C. § 1332, and Defendant has properly removed this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

DATED:  June 12, 2025                    DORSEY & WHITNEY LLP


By: _Jessica M. Leano_____
      JESSICA M. LEANO
      ADAM BUCK (pro hac vice forthcoming)
      KIRK  W.  SCHULER  (pro  hac  vice forthcoming)
      Attorneys for Defendant SEGWAY, INC.

# Exhibit  A

## Jimmy Torres vs. Segway, Inc.

A Complex - Other Unlimited case was filed by Jimmy W Torres, represented by Michael David Braun, against Segway, Inc., in the jurisdiction of Monterey County.

## Case Details

**CASE NUMBER**

25CV002381

**FILING DATE**

May 06, 2025

**LAST REFRESHED**

June 12, 2025

**FILING LOCATION**

Monterey County, CA

**FILING COURT**

Monterey County

**FILING COURT HOUSE**

Superior

**CATEGORY**

Complex - Other Unlimited

**CASE LAST UPDATE**

**9 Hours Ago**

### Overview

**Cause(s) of Action:**
  1. Breach of the Implied Warranties 2
     9 SECOND CAUSE OF ACTION
     8 THIRD CAUSE OF ACTION
     2 FOURTH CAUSE OF ACTION
     20 FIFTH CAUSE OF ACTION

## Parties

Plaintiffs

Jimmy W Torres

Attorneys For Plaintiffs

Michael David Braun

Defendants

Segway, Inc.

**Case Documents**

🔍

**Case Events**

| | | | |
|---|---|---|---|
| May 22, 2025 | Docket Event | Application: Pro Hac Vice | |
| May 22, 2025 | Docket Event | 12378Appli0021da | View Document |
| May 20, 2025 | Docket Event | Proof of Service: Summons | |
| May 20, 2025 | Docket Event | 12350Proof008d8e | View Document |
| May 15, 2025 | Docket Event | Proof of Service: Summons | |
| May 15, 2025 | Docket Event | (39906080) Affidavit | View Document |
| May 07, 2025 | Docket Event | Notice of Judicial Assignment and Complex CMC | |
| May 07, 2025 | Docket Event | Civil Case Cover FINAL | View Document |
| May 07, 2025 | Docket Event | Summons FINAL | View Document |
| May 07, 2025 | Docket Event | Segway Complaint FINAL W VENUE AFF | View Document |
| May 06, 2025 | Docket Event | Civil Case Cover Sheet | |
| May 06, 2025 | Docket Event | Complaint (Unlimited) (Fee Applies) | |
| May 06, 2025 | Docket Event | Summons: Issued/Filed | |

CASE NUMBER: 25CV002381

# Segway Complaint FINAL W VENUE AFF

Document prepared for:

Attorney Sharon Eliason

| | |
|---|---|
| **CASE NAME** | **DOCUMENT FILED DATE** |
| Jimmy Torres vs. Segway, Inc. | May 7th, 2025 |
| **CASE FILING DATE** | **COUNTY** |
| May 6th, 2025 | Monterey county, CA |
| **CATEGORY** | **STATUS** |
| Complex - Other Unlimited | Active |

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Tel.:     (213) 401-4100
Fax:     (213) 401-0311
Email:  mdb@kuzykclassactions.com

**DENLEA & CARTON LLP**
James R. Denlea *(pro hac vice forthcoming)*
Jeffrey I. Carton *(pro hac vice forthcoming)*
Craig M. Cepler (*pro hac vice forthcoming*)
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
*Email:        jdenlea@denleacarton.com*
*Email:        jcarton@denleacarton.com*
*Email:        ccepler@denleacarton.com*
Tel.:  (914) 331-0100
Fax:  (914) 331-0105

*Counsel for Plaintiff and the Proposed Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF MONTEREY

| | |
|---|---|
| **JIMMY W. TORRES, on behalf of himself and all others similarly situated,** | **CASE NO.:** |
| | <u>**CLASS ACTION**</u> |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY, AND INJUNCTIVE RELIEF** |
| v. | |
| **SEGWAY INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

Plaintiff Jimmy W. Torres, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his undersigned counsel, Kuzyk Law, LLP, and Denlea & Carton LLP, states as and for his Complaint against defendant Segway Inc. ("Defendant"), as follows:

## NATURE OF THE ACTION

1.      A scooter is a simple device meant to transport a person in a safe and easy manner.

2.      Scooters generally have two wheels, a board for users to stand on and handlebars mounted on a stem to allow users to steer.

3.      More portable and convenient scooters, like the ones at issue in this case, have hinges to allow them to fold and are thus easier to carry.

4.      Ultimately, regardless of their specific features, scooters should be safe and simple to use.

5.      Defendant's Ninebot Max G30P and Max G30LP KickScooters (together, the "Products"), however, are not.

6.      The folding mechanism that keeps the Products upright has a propensity to fail, causing the handlebars or stem to fold while the scooters are in use (the "Defect").

7.      This obviously creates a hazard for consumers, as the Defect can cause the Products to fail while in motion and crash.

8.      In fact, there are numerous substantiated reports of the Defect causing abrasions, bruises, lacerations and broken bones.

9.      Unfortunately, all consumers who purchased the Products for between $499.99 and $1,000 (depending on the specific model and store) received a defective and unusable scooter that suffers from an unforeseeable, serious and dangerous safety defect and is subject to a major national recall.

COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY, AND INJUNCTIVE RELIEF

1

2

3

    10.    The Defect is the subject matter of Defendant's recall of the Products on March 20, 2025 (the "Recall").  The Recall affects more than 220,000 Segway Ninebot Max G30P and Max G30LP KickScooters Scooters (i.e., the Products).

4

5

6

7

8

9

10

    11.    The remedy Defendant offers consumers who receive notice of the Recall is, however, wholly inadequate.  Rather than actually recalling or replacing the Products, Defendant provides affected owners who contact Defendant with a "free maintenance kit" that "includes tools and instructions for checking and tightening the folding mechanism and keeping it properly maintained."  While awaiting this replacement handle, consumers are advised to "immediately stop using the recalled scooters."

11

12

    12.    The Recall notice says nothing about returning the Products or receiving a refund.

13

14

15

16

17

18

19

20

    13.    The Recall fails because: (i) it is not designed to reach the majority of consumers who purchased the Products; (ii) it requires consumers to install the repair themselves, as laypersons, with no knowledge of the design of the handle and no ability to verify with a professional that the repair was done correctly; (iii) it does not include a recall of the entire Product (only a part, which consumers must replace themselves); and (iv) it provides consumers with no monetary remedy whatsoever or opportunity to replace the Products even though they purchased dangerous and defective Products for a premium price.

21

22

    14.    Defendant impliedly warrants that its products, including the Products, are safe for normal use.

23

24

25

    15.    Plaintiff and Class Members relied on Defendant's reputation for quality to support their expectations that the Products were high-quality, safe, defect-free and fit for their intended use.

26

27

28

    16.    Consequently, Plaintiff and Class Members lost the entire benefit of their bargain when what they received were Products that presented significant hazards to them.

COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY, AND INJUNCTIVE RELIEF

17.    Alternatively, Plaintiff and Class Members paid a price premium for the Products based upon Defendant's marketing and reputation.  Given that Plaintiff and Class Members paid a premium for the Products, Plaintiff and the Class Members suffered an injury in the amount of the premium paid.

18.    Accordingly, Defendant breached the express and implied warranties granted to consumers and violated numerous California laws meant to protect consumers.

19.    Plaintiff brings this action against Defendant on behalf of himself and the putative Class Members who purchased the Products during the applicable statute of limitations period (the "Class Period").

## THE PARTIES

20.    Plaintiff Jimmy W. Torres is an individual who is domiciled in Salinas, California.

21.    Defendant Segway, Inc., is a Delaware corporation with its principal place of business in the State of California.

## JURISDICTION AND VENUE

22.    This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10.  Personal jurisdiction over Defendant is proper because Defendant has its principal place of business in California and has purposefully availed itself the privilege of conducting business activities in California, including but not limited to, testing, manufacturing, marketing, distributing, and/or selling the Scooters to Plaintiff and other prospective Class Members.

23.    This class action is brought pursuant to California Code of Civil Procedure § 382.  Plaintiff is a California resident.  The monetary damages and restitution sought by Plaintiff and prospective Class Members exceed the minimum jurisdictional limits of the Superior Court and will be established according to proof at trial.

24.      Venue is proper in this Court pursuant to California Code of Civil Procedure §§ 395, 395.5 and California Civil Code § 1780 because Defendant is doing business in Monterey County and Plaintiff purchased the Scooter (as defined below) in Monterey County.  Plaintiff's Declaration, as required under Cal. Civil Code § 1780(d), which reflects that Defendant is doing business in Monterey County, California, is filed concurrently as Exhibit A.

## FACTUAL BACKGROUND

### I.      The Products

25.      Defendant is a well-established corporation known for manufacturing and distributing scooters and other personal mobility devices.

26.      Among Defendant's product lines is a series of foldable "kickscooters" that include electric motors.

27.      The Products include (a) the Max G30LP KickScooter, which is gray in color with yellow accents; and (b) the Max G30P, which is black in color with yellow accents.

28.      Upon information and belief, Defendant imports and distributes the Products in the United States.

29.      Upon further information and belief, they are made in China and Malaysia by non-party Ninebot (Changzhou) Technology Co.

30.      Shown below are the two models that constitute the Products.

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25



26   31.    The Products are sold with a limited manufacturer's warranty (the

27 "Warranty"), by which Defendant (even though it is purportedly not the manufacturer)

28

covers "all defects in material and workmanship of the Product arising or occurring as a result of your normal and ordinary use of the Product."

32.    The Warranty covers the stem, folding pedal and handlebar for one year from the later of the purchase date or the activation date of the product.

## II.    The Product Is Dangerous

33.    On March 20, 2025, Defendant issued the Recall for the Products.

34.    According to Defendant's published Recall:

> In cooperation with the U.S. Consumer Product Safety Commission (CPSC), [Defendant is] conducting a proactive maintenance recall for the Segway Ninebot Max G30P and Max G30LP KickScooters.  This initiative is designed to ensure optimal performance and safety by providing customers with a free self-maintenance kit."[1]

(*See* Exhibit B.)

35.    The published Recall also directed consumers to the Consumer Product Safety Commission Recall Notice (the "CPSC Notice").  (*See* Exhibit C.)

36.    According to the CPSC Notice, the Products were hazardous because "the folding mechanism can fail and cause the handlebars or stem to fold while the scooter is in use, posing a fall hazard to consumers."

37.    The CPSC Notice confirmed that Defendant has "received 68 reports of folding mechanism failures, including 20 injuries to include abrasions, bruises, lacerations and broken bones."

38.    The Products that were subject of the Recall had been sold at "Best Buy, Costco, Walmart, and Target nationwide and online at Segway.com and Amazon.com from January 2020 through February 2025 for between $600 and $1,000."

39.    The CPSC Notice advised consumers to "immediately stop using the

---

[1]    The recall notice is accessible at https://service.segway.com/us-en/g30RecallNotice (last accessed on April 8, 2025).

recalled scooters and contact Segway to receive information to determine whether the folding mechanism needs adjustment and to receive a free maintenance kit. The kit includes tools and instructions for checking and tightening the folding mechanism and keeping it properly maintained."

40. Confoundingly, the modifications and adjustments were to be performed by the consumer without any professional assistance.

41. Defendant provided no other support to consumers who purchased these unreasonably dangerous Products.

**III.    Plaintiff Purchases Product**

42. Plaintiff resides in Salinas, California.

43. On or about April 27, 2024, Plaintiff purchased a Segway Ninebot MAX G30LP Electric Kick Scooter (the "Scooter") from Amazon (through his wife's Amazon account).

44. He intended to use the Scooter for recreational activities, including while walking his dog.

45. He selected the Scooter because it was highly rated for durability and functionality.  It was also marketed as "heavy duty" and is reportedly highly efficient in terms of miles per charge.

46. Plaintiff was also aware of Defendant's reputation for safe and quality scooters.

47. After owning the Scooter for almost one year, Plaintiff received notice of the Recall.

48. Plaintiff, however, did not sign up for the Recall because (a) it was too complicated to complete the necessary forms; (b) he was not confident he could perform the repairs that the Recall entailed; and (c) he did not trust that the Recall would resolve the Defect.

49. Plaintiff was not aware of the Defect or any other defects with the Scooter at the time he purchased it.

50.   Had Plaintiff understood the dangers posed by the Scooter, he would not have purchased it.

51.   Therefore, the only appropriate remedy for Plaintiff – and all other members of the Class – is a refund for the Product.

## NO ADEQUATE REMEDY AT LAW

52.   Plaintiff and Members of the Class are entitled to equitable relief as no adequate remedy at law exists.

53.   <u>Broader Statutes of Limitations</u>.  The statutes of limitations for the causes of action pled herein vary.  The limitations period is four years for claims brought under the UCL, which is one year longer than the statutes of limitations for damages claims under the CLRA.

54.   <u>Broader Scope of Conduct</u>.  Plaintiff and Class Members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (*e.g.*, the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct).

55.   <u>Injunctive Relief to Cease Misconduct and Dispel Misperception</u>. Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to misrepresent the safety of the Products on its website and through its warranty.  Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm – none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm).

56.   Further, injunctive relief, in the form of affirmative disclosures are necessary to dispel the public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent and unlawful marketing efforts.  Such disclosures include, but are not limited to, publicly disseminated statements that the

Products' challenged representations in the online warranty are not true and provide accurate information about the Products' true nature; and/or requiring prominent qualifications and/or disclaimers on the Products' labels concerning the Products' true nature.

57.    An injunction requiring affirmative disclosures to dispel the public's misperception and prevent the ongoing deception and repeat purchases based thereon, is also not available through a legal remedy (such as monetary damages).

58.    <u>Procedural Posture—Incomplete Discovery & Pre-Certification</u>.  Lastly, this is an initial pleading in this action, and discovery has not yet commenced.  No class has been certified.  No expert discovery has commenced.  The completion of fact and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class. Plaintiff therefore reserves his right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for Plaintiff and/or any certified Class.  Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## **CLASS DEFINITION AND ALLEGATIONS**

59.    Plaintiff brings this action individually and on behalf of all others similarly situated, pursuant to California Code of Civil Procedure § 382, on behalf of himself and the members of the following proposed Class (the "Class"):

> During the fullest period allowed by law, all persons who purchased the Products in the State of California for personal use and not resale.

60.    Specifically excluded from these definitions are: (1) Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case

1   is assigned and any member of the Judge's staff or immediate family; and (3) Class

2   Counsel.

3        61.    Plaintiff reserves the right to amend the Class definition as necessary,

4   including but not limited to include additional products made by Defendant with the

5   same Defect and/or other products manufactured by Defendant with the common

6   Defect but bearing different brand names.

7        62.    **Numerosity:** The Members of the Class are so numerous that joinder of

8   all members is impracticable. While the exact number of Class Members is presently

9   unknown, it likely consists of thousands of people throughout the state of California,

10  as 220,000 Products were reportedly sold nationwide.  The number of Class Members

11  can be determined by sales information and other records.  Moreover, joinder of all

12  potential Class Members is not practical given their numbers and geographic diversity.

13  The Class is readily identifiable from information and records in the possession of

14  Defendant and its authorized distributors and retailers.

15       63.    **Typicality:** The claims of the representative Plaintiff are typical in that

16  Plaintiff, like all Class Members, purchased Products that were manufactured,

17  marketed, advertised, distributed, and sold by Defendant.  Plaintiff, like all Class

18  Members, was damaged by Defendant's uniform misconduct in that, *inter alia*, he has

19  incurred or will continue to incur damage as a result of purchasing an unreasonably

20  dangerous scooter and of overpaying for a Product that was manufactured with the

21  Defect, which makes it unusable, inherently dangerous and not fit for its intended use,

22  and which is subject to an inadequate Recall.

23       64.    Further, the factual basis of Defendant's misconduct is common to all

24  Class Members because Defendant engaged in systematic fraudulent behavior that

25  was deliberate, and results in the same injury to all Class Members.  Plaintiff is

26  advancing the same claims and legal theories on behalf of himself and all members of

27  the Class he seeks to represent.

28       65.    **Commonality:** Common questions of law and fact exist as to all

Members of the Class.  These questions predominate over questions that may affect only individual Class Members because Defendant has acted on grounds generally applicable to the Class.  Such common legal or factual questions include, *inter alia*:

a.  Whether the Products are defective;

b.  Whether the Products are defectively designed and/or manufactured;

c.  Whether Defendant knew or should have known about the Defect in its Products prior to distributing and selling them to Plaintiff and Class Members;

d.  Whether Defendant knew or should have known about the Defect in its Products after distributing and selling them to Plaintiff and Class Members;

e.  Whether Defendant knew or should have known about the Defect in its Products prior to issuing the Recall;

f.  Whether Defendant concealed from and/or failed to disclose to Plaintiff and Class Members that the Products contained a uniform Defect;

g.  Whether Defendant failed to adequately warn Plaintiff and Class Members that the Products contained the Defect, were not safe or suitable for consumers and could and have caused severe injuries;

h.  Whether Defendant engaged in unfair, unconscionable, or deceptive trade practices by selling and/or marketing the Products containing the Defect;

i.  Whether Defendant omitted or failed to disclose material information to Plaintiff and Class Members regarding the Products;

j.  Whether Defendant concealed from and/or failed to disclose to Plaintiff and Class Members that the Products are not safe and not suitable for use;

k.  Whether Defendant engaged in false or misleading advertising by selling, packaging and/or marketing the Products;

l.  Whether Defendant has violated consumer protection statutes;

m.  Whether Defendant breached the implied warranty of merchantability;

n.  Whether Defendant breached express warranties relating to the Products;

o.   Whether Plaintiff and Class Members either paid a premium for the Products that they would not have paid but for their false representations or would not have purchased them at all;

p.   Whether Plaintiff and Class Members have been injured by Defendant's misconduct, and the proper measure of their losses as a result of those injuries;

q.   Whether Plaintiff and Class Members are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount and nature of such damages; and

r.   Whether Plaintiff and Class Members are entitled to injunctive, declaratory, or other equitable relief, including enjoining Defendant from selling and marketing the Products containing the Defect.

66.   Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff, on behalf of himself and other Class Members.  Similar or identical statutory violations, common law wrongs, business practices, and injuries are involved.  Individual questions – if any – pale by comparison, in both quality and quantity, to the numerous common questions that predominate in this action.

67.   **Adequate Representation:** Plaintiff will fairly and adequately protect the interests of Class Members.  He has no interests antagonistic to those of Class Members.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer products, product defects, misrepresentation, mislabeling, and class actions, and Plaintiff intends to prosecute this Action vigorously.

68.   **Predominance and Superiority:** Plaintiff and Class Members have all suffered and will continue to suffer risk of harm and damages as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high given the average price point of the Products and would therefore have no effective remedy at law.  Because of the relatively small size of Class

Members' individual claims, it is likely that few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

69. The claims presented in this case predominate over any questions of law or fact affecting individual Class Members.

70. Plaintiff knows of no difficulty to be encountered in the maintenance of this Action that would preclude its maintenance as a class action.

71. Defendant's failure to implement an adequate recall for the Products arises out of a common omission or failure to act, which has a uniform effect on Plaintiff and all Class Members. Plaintiff seeks preliminary and permanent injunctive relief and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to require Defendant to stop its unlawful conduct.

72. Defendant implemented uniform procedures relating to the Recall, which resulted in uniform damage to Plaintiff and Class Members. As a result, Defendant has acted or refused to act on grounds generally applicable to each Class Member, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

73. Because Plaintiff seeks injunctive and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CAUSE OF ACTION
### Breach of the Implied Warranties

74.     Plaintiff realleges and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

75.     Defendant is and was at all relevant times a merchant involved in the manufacturing, importation, distributing, warranting and/or selling of the Products.

76.     The Products were and are, at all relevant times, a "good" within the relevant laws.  Defendant knew or had reason to know of the specific use for which the Products, as goods, were purchased.

77.     Defendant entered into agreements with retailers, suppliers, and/or contractors to sell its Product to be used by Plaintiff and Class Members.

78.     Defendant provided Plaintiff and Class Members with implied warranties that the Products were merchantable and fit for the ordinary purposes for which the Products were used and sold and were not otherwise injurious to consumers, that the Products would pass without objection in the trade, be of fair and average quality, and conform to the promises and affirmations of fact made by Defendant in its Warranty Policy.  These implied warranties became part of the basis of the bargain between Plaintiff and Class Members and Defendant.

79.     However, at the time of delivery, Defendant breached the implied warranties as the Products are not fit for their ordinary purpose of providing a reasonably safe product that is suitable for users because, *inter alia*, the Products contain the Defect rendering the Products unsafe and unsuitable for users, and unreasonably dangerous.  Therefore, the Products are not fit for their particular purpose.

80.     The aforementioned problems associated with the Products constitute safety risks, such that the Products are not safe nor suitable for use, and therefore, there is a breach of the implied warranty of merchantability.

81.     Moreover, due to the inadequate and unfair nature of the Recall, it is not

required and would be futile for Plaintiff to provide Defendant further opportunity to cure its breach.

82.    Plaintiff and Class Members have had sufficient direct dealings with either Defendant or one of their authorized retailers, representatives, and agents to establish privity of contract between Defendant, on the one hand, and Plaintiff and each Class Member, on the other hand.

83.    Alternatively, privity is not required because Plaintiff and each of the Class Members are the intended beneficiaries of Defendant's warranties and its sale through retailers.  The retailers were not intended to be the ultimate consumers of the Products and have no rights under the warranties provided by Defendant.  Defendant's warranties were designed for and intended to benefit the consumer only and Plaintiff and Class Members were the intended beneficiaries of the Products.

84.    More specifically, Defendant's manifest intent was that its warranties apply to Plaintiff and Class Members as third-party beneficiaries.  Likewise, it was reasonably foreseeable that Plaintiff and Class Members would be the intended beneficiaries of the Products and the warranties.

85.    Defendant impliedly warranted that the Products are safe, suitable for use, of merchantable quality and fit for their intended purpose.  These implied warranties included, among other things: (i) a warranty that the Products supplied, distributed, and/or sold by Defendant were safe and suitable to use as scooters; (ii) a warranty that the Products would be fit for their intended use while the Products are being used; and (iii) a warranty that the Product, would conform to all of the promises and affirmations of fact on the Products' label and online advertising.

86.    Contrary to the applicable implied warranties, the Products, at the time of sale and thereafter, were and are not fit for their ordinary and intended purpose of providing Plaintiff and Class Members with a reasonably reliable and safe scooter.  Instead, the Products contain a defective design and/or manufacture, as alleged herein.  As a result of the Defect, the Products fail to conform with the promises or

affirmations of fact on its label and online advertising.

87.    Defendant failed to adequately warn Plaintiff and Class Members that the Products contained the Defect, were not safe or suitable for use and could cause serious injury from regular use.

88.    Defendant breached the implied warranties because the Products were and are sold with the Defect, which prevents the Products from even the most basic degree of fitness for ordinary use as a reliable and safe scooter.

89.    Defendant's attempt to limit or disclaim any implied warranties is unconscionable and therefore unenforceable.

90.    Plaintiff's inability to use his Scooter for its intended purpose, resulting from the fact that the Scooter did not meet the most basic degree of fitness for providing a safe scooter, renders any attempts to limit or disclaim damages substantively unconscionable.

91.    The limitations contained in the warranty are unconscionable and inadequate to protect Plaintiff and Class Members.  Plaintiff and Class Members had no meaningful choice in determining the terms of which unreasonably favored Defendant, who had superior and exclusive knowledge of the Defect, which existed at the time of sale of the Products.  A gross disparity in bargaining power existed between Defendant and Plaintiff and the Class Members, and Defendant knew or should have known that the Products were defective at the time of sale and would fail before their useful life.

92.    Plaintiff's inability to view Defendant's purported disclaimers prior to his purchase, along with their inability to negotiate the terms or make a different choice at the time of his purchase, renders any disclaimers procedurally unconscionable.  The unavailability of additional warranty coverage from Defendant further demonstrates the disclaimer of implied warranties is procedurally unconscionable.

93.    Contrary to the applicable implied warranties, the Products, at the time of sale and thereafter, were not fit for their ordinary and intended purpose of providing a

safe scooter.  Instead, the Products suffered, and continue to suffer, from the Defect as alleged herein.

94.    Defendant's failure to adequately repair or replace the dangerous Products caused the warranty to fail in its essential purpose.

95.    As a direct and proximate result of the foregoing, Plaintiff and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## SECOND CAUSE OF ACTION
### Violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.*

96.    Plaintiff realleges and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

97.    Plaintiff and Class Members are "buyers" as that term is defined in California Civil Code § 1791(b).

98.    The Products are "consumer goods" as that term is defined in California Civil Code § 1791(a).

99.    At all relevant times, Defendant was the "manufacturer, distributor, warrantor and/or seller" of the Products within the meaning of California Civil Code § 1791.

100.    Defendant provided Plaintiff and Class Members with express warranties that cover "defect[s] in materials or workmanship during the warranty period."  If such a defect is discovered, Defendant warrants that it "will, at [its] discretion, repair or replace" the Products.

101.    As detailed above, Defendant breached its warranty obligations by failing to provide a product that conformed to the promises and affirmations Defendant made about the Products, by failing to truthfully advertise and warrant that the Products were safe, free of defect, and fit for their intended purpose.  The Defect in the

Products existed at the time the Products left Defendant's control and Defendant failed to disclose the existence of the Defect either prior to, at the point of, or following sale of the Products, including when customers contacted Defendant to inquire about the Products' failures.  Defendant's conduct has rendered the warranties null and caused them to fail of their essential purpose.

102.   Defendant's conduct as complained herein breached applicable warranties and violated the Song-Beverly Consumer Warranty Act.

**THIRD CAUSE OF ACTION**
**Violation of the California Legal Remedies Act ("CLRA"),**
**Cal. Civ. Code § 1750, *et seq.***

103.   Plaintiff realleges and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

104.   Defendant is a "person" as that term is defined in California Civil Code § 1761(c).

105.   Plaintiff and Class Members are "consumers" as that term is defined in California Civil Code § 1761(d).

106.   Defendant engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally misleading (through statements and omissions) Plaintiff and Class Members in a material way in the process of purchasing the Products by failing to disclose the existence of the Defect in the Products and by representing that the Products were safe and fit for their intended purpose of providing safe method for transport.  These acts and practices violate, at a minimum, the following sections of the CLRA:

    a.    California Civil Code § 1770(a)(2): Misrepresenting the source, sponsorship, approval or certification of goods or services;

    b.    California Civil Code § 1770(a)(5): Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or he does not have;

    c.    California Civil Code § 1770(a)(7): Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a

particular style or model, if they are of another; and

    d.    California Civil Code § 1770(a)(9): Advertising goods and services with the intent not to sell them as advertised.

107.    Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business and were capable of deceiving, and did deceive, a substantial portion of the purchasing public.

108.    Throughout the relevant period, Defendant knew or reasonably should have known that the Products included the Defect, which made them unsafe and unfit for their intended purpose.

109.    Defendant was under a duty to Plaintiff and Class Members to disclose the true nature of the Products because:

    a.    Defendant was in a superior position to know the true state of facts about the Defect in the Products and the unsafe nature of the Products and their unfitness for their intended purpose;

    b.    Plaintiff and Class Members could not reasonably have been expected to learn or discover the Defect or defective nature of the Products and thus that the Products were not in accordance with Defendant's representations;

    c.    Defendant knew that Plaintiff and Class Members could not reasonably have been expected to learn or discover the true state of facts about the Defect or defective nature of the Products; and

    d.    Defendant actively concealed and failed to disclose the existence of the Defect in the Products to Plaintiff and the Class.

110.    Defendant knew or should have known about the existence of the Defect in the Products, including that the Defect rendered the Products unsafe. In failing to disclose the existence of the Defect in the Products, Defendant has knowingly and intentionally misrepresented material facts and breached its duty not to do so.

111.    Plaintiff and Class Members considered the advertised and reputed high-quality and safety of the Product to be material and important when decided to purchase the Products. The Product's quality (including purportedly being free of

1    defects) and safety are material to the average reasonable consumer.

2        112.   The misrepresented facts concerning the Products are also material

3    because they concern central functions of the Scooter (*e.g.*, the defect-free and safe

4    quality of the Scooter and the ability to safely use it).

5        113.   Had Defendant disclosed the existence of the Defect in the Products in its

6    advertising and marketing, Plaintiff and Class Members would have learned of the

7    true nature of the Products and would have acted differently.  Had Plaintiff and Class

8    Members known about the true state of facts of the Products, they either would not

9    have purchased the Products, or else would have paid substantially less for them.

10   Accordingly, Plaintiff and Class Members overpaid for their Products and did not

11   receive the benefit of their bargain.

12       114.   Had Defendant truthfully disclosed this information in its advertising and

13   marketing, Plaintiff plausibly would have learned of the existence of the Defect and

14   the true nature of the Products.  Accordingly, Plaintiff and Class Members' injuries

15   were proximately caused by Defendant's fraudulent and deceptive business practices.

16       115.   Pursuant to California Civil Code § 1782(a), Plaintiff is providing

17   Defendant with notice of its violations under the CLRA.  Pursuant to California Civil

18   Code § 1782(d), following the thirty-day notice period, Plaintiff will amend this Class

19   Action Complaint to seek damages in addition to the injunctive relief he now seeks

20   under the CLRA.

21       116.   Plaintiff has attached his Declaration of Venue as <u>Exhibit A</u> to this Class

22   Action Complaint, establishing that this Action has been properly commenced in this

23   District, because a significant portion of the relevant facts occurred in Monterey

24   County and other counties in the State of California.

25       117.   Pursuant to California Civil Code § 1780, Plaintiff seeks an order

26   enjoining Defendant from the unlawful practices described above and a declaration

27   that Defendant's conduct violated the CLRA.

28       118.   Plaintiff, on behalf of himself and Class Members, seek equitable relief

as well as actual damages, punitive damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### Violation of the California Unfair Competition Law ("UCL"),
### Cal. Bus. & Prof. Code § 17200, *et seq.*

119.   Plaintiff realleges and incorporates by reference the allegations in the paragraphs above as if fully set forth herein.

120.   The UCL prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

121.   Defendant has engaged in "unfair competition" through its conduct, as described herein, including by failing to disclose the existence of the Defect in the Products; by misrepresenting the nature, quality, and character of the Products as safe, free of defect, and fit for their intended purpose; and by violating the CLRA, as described above and in Plaintiff's notice letter sent to Defendant concurrently with the filing of this Complaint.

122.   All of Defendant's conduct alleged herein, including its failures to disclose and its misrepresentations regarding the nature, quality, and character of the Products, occurred in the course of Defendant's business and were part of a pattern or generalized course of illegal conduct.

123.   Defendant's conduct was fraudulent because Defendant failed to disclose the Defect associated with the Products. Specifically, Defendant failed to adequately warn Plaintiff and Class Members that the Products contained the Defect, were not safe or suitable for children, and posed a risk of severe injury even when used properly.

124.   Defendant's conduct was unfair because it was specifically designed to and did induce Plaintiff and Class Members to purchase the Products.

125.   Defendant's conduct was deceptive because it was specifically designed to and did induce Plaintiff and Class Members to purchase the Products despite

1    knowing that they contained the dangerous Defect.

2    126.    Plaintiff and Class Members reasonably and justifiably relied on

3    Defendant's conduct alleged herein.  Had Defendant disclosed the existence of the

4    Defect in the Products in its advertising and marketing, Plaintiff and Class Members

5    would have learned of the true nature of the Products and would have acted

6    differently.  Had Plaintiff and Class Members known about the true state of facts of

7    the Products, they either would not have purchased the Products, or else would have

8    paid substantially less for them.  Accordingly, Plaintiff and Class Members overpaid

9    for their Products and did not receive the benefit of their bargain.

10    127.    Plaintiff plausibly would have learned of the existence of the Defect and

11    the true nature of the Products had Defendant truthfully disclosed this information in

12    its advertising and marketing.  Accordingly, Plaintiff's and Class Members' injuries

13    were proximately caused by Defendant's fraudulent and deceptive business practices

14    128.    Further, as a result of Defendant's conduct, Plaintiff and Class Members

15    have suffered injury-in-fact, lost money, and potential damage to property, in that they

16    have incurred actual costs to repair and/or replace the Product upon manifestation or

17    discovery of the Defect.

18    129.    Plaintiff, on behalf of himself and Class Members, seeks equitable relief

19    as well as actual damages, punitive damages, and attorneys' fees and costs.

20    **FIFTH CAUSE OF ACTION**

21    **Violation of the California False Advertisement Law ("FAL"),**
**Cal. Bus. & Prof. Code § 17500, *et seq.***

22

23    130.    Plaintiff realleges and incorporates by reference the allegations in the

24    paragraphs above as if fully set forth herein.

25    131.    The FAL states: "It is unlawful for any . . . corporation . . . with intent

26    directly or indirectly to dispose of real or personal property . . . to induce the public to

27    enter into any obligation relating thereto, to make or disseminate or cause to be made

28    or disseminated . . . from this state before the public in any state, in any newspaper or

other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

132.   All of Defendant's conduct alleged herein, including its failures to disclose and its misrepresentations regarding the nature, quality, and character of the Products, occurred in the course of Defendant's business, took place within the State of California, and constitute deceptive or false advertising in violation of the FAL.

133.   Defendant marketed, advertised, labeled, and represented the Products as merchantable and fit for the ordinary purposes for which they were used and sold and were not otherwise injurious to consumers.

134.   More specifically, Defendant misrepresented the true nature, quality, and character of the Products by failing to disclose the existence of the Defect and by misrepresenting that the Products were fit for their intended purpose of safe transport.

135.   To the contrary, the Products contained the dangerous Defect at the time of purchase, and no reasonable consumer would believe that, in light of the dangerous Defect, that the Products were merchantable or fit for the ordinary purpose for which they were used and sold or were not otherwise injurious to consumers, where Plaintiff and Class Members could not immediately identify the Defect.

136.   At the time it made the misrepresentations, Defendant either knew or should have known about the existence of the Defect in the Products, which rendered them unsafe.  Defendant concealed, omitted, and failed to disclose this information from Plaintiff and Class Members.

137.   Defendant has violated the FAL because the misrepresentations and omissions regarding the Products as set forth herein were material and likely to deceive a reasonable consumer.

138.   The misrepresented facts concerning the Products were also material because they concern central functions of the Products – namely, that the Products are

free of defect, and capable of safe transport.

139.   Plaintiff has standing to pursue claims under the FAL as he reviewed and relied on Defendant's packaging, advertising, representations, and marketing materials regarding the Products when selecting and purchasing the Products.  Plaintiff and Class Members have suffered an injury in fact, including the losses of money or property, as a result of Defendant's unfair, unlawful, and/or deceptive practices.

140.   In reliance on the statements made in Defendant's advertising and marketing materials and Defendant's omissions and concealment of material facts regarding the quality and use of the Products, Plaintiff and Class Members purchased the Products.

141.   Had Defendant disclosed the existence of the Defect in the Products in its advertising and marketing, Plaintiff and Class Members would have learned of the true nature of the Products and would have acted differently.  Had Plaintiff and Class Members known about the true state of facts of the Products, they either would not have purchased the Products, or else would have paid substantially less for them. Accordingly, Plaintiff and Class Members overpaid for their Products and did not receive the benefit of their bargain.

142.   As a direct and proximate result of Defendant's conduct as set forth herein, Defendant has obtained ill-gotten gains and/or profits, including but not limited to money from Plaintiff and Class Members who paid for the Products, which contained the Defect.

143.   Plaintiff, on behalf of himself and Class Members, seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A.      Certifying this action as a class action as soon as practicable, with the Class as defined above, designating Plaintiff as the named Class representative, and designating the undersigned as Class Counsel.

B.      On Plaintiff's First Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus statutory and treble damages.

C.      On Plaintiff's Second Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial, plus statutory and treble damages.

D.      On Plaintiff's Third Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial.

E.      On Plaintiff's Fourth Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial.

F.      On Plaintiff's Fifth Cause of Action, awarding against Defendant the damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions, the amount of such damages to be determined at trial.

G.      On Plaintiff's Causes of Action, awarding Plaintiff and the Class interest, costs, and attorneys' fees.

H.      Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: May 6, 2025

Respectfully submitted,

Michael D. Braun
**KUZYK LAW, LLP**
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone: (213) 401-4100
Email: mdb@kuzykclassactions.com

-and-

**DENLEA & CARTON LLP**
James R. Denlea
Jeffrey I. Carton
Craig M. Cepler
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Tel.: (914) 331-0100
Fax: (914) 331-0105
jdenlea@denleacarton.com
jcarton@denleacarton.com
ccepler@denleacarton.com

*Counsel for Plaintiffs*

COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY, AND INJUNCTIVE RELIEF

# EXHIBIT A

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone:   (213) 401-4100
Facsimile:   (213) 401-0311
Email:   mdb@kuzykclassactions.com

**DENLEA & CARTON LLP**
James R. Denlea (pro hac vice forthcoming)
Jeffrey I. Carton (pro hac vice forthcoming)
Craig M. Cepler (pro hac vice forthcoming)
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Email:   jdenlea@denleacarton.com
Email:   jcarton@denleacarton.com
Email:   ccepler@denleacarton.com
Tel.:   (914) 331-0100
Fax:   (914) 331-0105

*Counsel for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| **JIMMY W. TORRES, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SEGWAY INC.,**<br><br>**Defendant.** | **CASE NO.:**<br><br>**CLASS ACTION**<br><br>**CLRA VENUE DECLARATION OF JIMMY W. TORRES PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1780(d)** |

I, Jimmy Torres, declare as follows:

1.    I am a Plaintiff in the above-captioned action.

2.    I have personal knowledge of the facts stated here, if called upon to do so, could competently testify to them.

3.    I submit this declaration in support of the Class Action Complaint, which is based in part on violations of the Consumer Legal Remedies Act, California Civil Code section 1750 et seq.

4.    The Class Action Complaint has been filed in the proper place for trial of this action.

5.    Defendants regularly conduct business in the State of California.

6.    A substantial part of the conduct, representations, and omissions giving rise to the violations of law alleged herein occurred in this District.

7.    I reside is in Salinas, California, located within this judicial District.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of May, 2025, in Salinas, California.

JIMMY W. TORRES

CASE NUMBER: 25CV002381

# Summons FINAL

Document prepared for:

Attorney Sharon Eliason

| | |
|---|---|
| **CASE NAME** | **DOCUMENT FILED DATE** |
| Jimmy Torres vs. Segway, Inc. | May 7th, 2025 |
| **CASE FILING DATE** | **COUNTY** |
| May 6th, 2025 | Monterey county, CA |
| **CATEGORY** | **STATUS** |
| Complex - Other Unlimited | Active |

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEGWAY, INC.


**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JIMMY W. TORRES

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court, County of Monterey

1200 Aguajito Road, Monterey, CA 93940

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun (167416), Kuzyk Law, 2121 Avenue of the Stars, Ste 800, Los Angeles, CA 90067, 213-401-4100

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CASE NUMBER: 25CV002381

# Civil Case Cover FINAL

Document prepared for:

Attorney Sharon Eliason

| | |
|---|---|
| **CASE NAME** | **DOCUMENT FILED DATE** |
| Jimmy Torres vs. Segway, Inc. | May 7th, 2025 |
| **CASE FILING DATE** | **COUNTY** |
| May 6th, 2025 | Monterey county, CA |
| **CATEGORY** | **STATUS** |
| Complex - Other Unlimited | Active |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael D. Braun (167416)<br>Kuzyk Law, LLP, 2121 Avenue of the Stars, Ste 800, Los Angeles, CA 90067<br><br>TELEPHONE NO.: 213-401-4100          FAX NO.: 213-401-0311<br>EMAIL ADDRESS: mdb@kuzykclassactions.com<br>ATTORNEY FOR *(Name):* Jimmy W. Torres | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 161 North First Street
MAILING ADDRESS: 161 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Old Courthouse (OCH)

CASE NAME:
Jimmy W. Torres on behalf of himself and all others similarly situated v. Segway, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 7: implied warranty, Song-Bev Warranty Act, UCL, FAL, CLRA
5. This case [x] is  [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 5/6/2025
Michael D. Braun
_____ (TYPE OR PRINT NAME)          ►          _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| SUPERIOR COURT OF MONTEREY COUNTY | |
|---|---|
| **Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
| **Jimmy Torres** | **CASE NUMBER** **25CV002381** |
| **vs.** **Segway, Inc.** | **Case Management Conference** |

### NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case is assigned for all purposes to the Honorable Thomas W Wills.**

Your civil case, excluding unlawful detainer and collections are a rotational assignment among three judicial officers:
    Judge Thomas W. Wills; Judge Carrie M. Panetta, Judge Ian A. Rivamonte

Your provisionally complex case or "is complex" designation at case initiation are assigned ODD/EVEN by ending number among two judicial officers:     Judge Thomas W. Wills and Judge Carrie M. Panetta

This notice, which includes the Alternative Dispute Resolution (ADR) information packet (CI-127), <u>must</u> be served together with the Summons and Complaint or Petition pursuant to California Rule of Court 3.221. *Parties are required to follow the complex case instructions, case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court, all can be found on the court website at* www.monterey.courts.ca.gov. A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

**Date: <u>September 09, 2025</u>     Time:<u>9:00 AM</u>     Department 15 \***

**Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>**

\*If appearing remotely be sure and access the correct link:
 Judge Thomas W. Wills – Dept. 15
 Judge Carrie M. Panetta – Dept. 14
 Judge Ian A. Rivamonte – 13a
Information regarding remote appearance can be found at: https://www.monterey.courts.ca.gov/remote

---

## COURT REPORTER INFORMATION

**Effective January 1, 2022**, Monterey County Superior Court will only be providing court reporter services in the following, statutorily-mandated case types:

1. Death penalty proceedings under Penal Code §190.9;
2. Juvenile proceedings not before a referee or commissioner under Welfare & Institutions Code §347 and §677;
3. Felony cases under Code of Civil Procedure §269; and
4. "Withdrawal of consent to adopt" proceedings under Family Code §9005.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**     [Rev. June 2022]

**(Civil)**

For all other, non-statutorily-mandated cases, litigants who need court reporter services, and who are not entitled to a court-provided reporter due to indigency, will need to arrange for such services.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial.  Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:

1.  To provide an effective and fair procedure for the timely disposition of civil cases;
2.  To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3.  To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**
*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

---

### Alternative Dispute Resolution (CI-127) - (INFORMATION PACKET)
OPTIONS FOR RESOLVING YOUR DISPUTE

**There Are Alternatives to Going to Trial**
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

**Advantages of ADR**
Here are some potential advantages of using ADR:
*   **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
*   **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
*   **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**     [Rev. June 2022]

**(Civil)**

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

---

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

<u>**Settlement Conference**</u>

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement
conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. June 2022]

**(Civil)**

CASE NUMBER: 25CV002381

# (39906080) Affidavit

Document prepared for:

Attorney Sharon Eliason

CASE NAME

Jimmy Torres vs. Segway, Inc.

DOCUMENT FILED DATE

May 15th, 2025

CASE FILING DATE

May 6th, 2025

COUNTY

Monterey county, CA

CATEGORY

Complex - Other Unlimited

STATUS

Active

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| KUZYK LAW, LLP<br>Michael D. Braun (SBN 167416)<br>2121 Avenue of the Stars, Ste. 800<br>Los Angeles, California 90067<br>        TELEPHONE NO:  (213)401-4100        FAX NO *(Optional)*:<br>    E-MAIL ADDRESS *(Optional)*:   mdb@kuzykclassactions.com<br>    ATTORNEY FOR *(Name)*:   Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Monterey |
|---|
| STREET ADDRESS:   1200 Aguajito Road<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   Monterey, 93940-4893<br>BRANCH NAME:   Monterey |

| PLAINTIFF / PETITIONER:   JIMMY W. TORRES, et al.<br>DEFENDANT / RESPONDENT:   SEGWAY INC. | CASE NUMBER:<br>25CV002381 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>13293896 (25352843) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [ ] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents):*    Complaint with Exhibit, Notice of Case Assignment and Case Management Conference
3. a.  Party served *(specify name of party as shown on documents served)*:
       Segway, Inc.
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
       CT Corporation System - Jessie Gastelum - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 North Brand Blvd #700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   Tue, May 13 2025        (2) at *(time):*   12:40 PM
   b. [ ] **by substituted service.** On *(date):*                 at *(time):*                   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

       (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
       (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
       (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
       (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*                      from *(city):*                      or [ ] a declaration of mailing is attached.
       (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:    JIMMY W. TORRES, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:    SEGWAY INC. | 25CV002381 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1)  on *(date)*:                 (2)  from *(city)*:
    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a.  ☐  as an individual defendant.
b.  ☐  as the person sued under the fictitious name of *(specify)*:
c.  ☐  as occupant.
d.  ☒  On behalf of *(specify)*:    Segway, Inc.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| ☐  other: | |

7.  **Person who served papers**
a.  Name:               Zoe Roller
b.  Address:          1400 North McDowell Blvd Suite 300, Petaluma, CA  94954
c.  Telephone number:    800-938-8815
d.  **The fee** for service was:    $50.00
e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☒  a registered California process server:
        (i)  ☐  owner  ☐  employee  ☒  independent contractor
        (ii)  Registration No:    2023100296
        (iii)  County:    Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:    May 14, 2025

Zoe Roller
_____
    (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____
               (SIGNATURE)

CASE NUMBER: 25CV002381

# 12350Proof008d8e

Document prepared for:

Attorney Sharon Eliason

| | |
|---|---|
| CASE NAME | DOCUMENT FILED DATE |
| Jimmy Torres vs. Segway, Inc. | May 20th, 2025 |
| CASE FILING DATE | COUNTY |
| May 6th, 2025 | Monterey county, CA |
| CATEGORY | STATUS |
| Complex - Other Unlimited | Active |

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| KUZYK LAW, LLP<br>Michael D. Braun (SBN 167416)<br>2121 Avenue of the Stars, Ste. 800<br>Los Angeles, California 90067<br>    TELEPHONE NO:  (213)401-4100    FAX NO *(Optional)*:<br>    E-MAIL ADDRESS *(Optional)*:  mdb@kuzykclassactions.com<br>    ATTORNEY FOR *(Name)*:  Plaintiff | ELECTRONICALLY FILED BY<br>Superior Court of California,<br>County of Monterey<br>On 5/15/2025 11:35 AM<br>By: Margaret Corioso, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Monterey |
|---|
| STREET ADDRESS:  1200 Aguajito Road |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  Monterey, 93940-4893 |
| BRANCH NAME:  Monterey |

| PLAINTIFF / PETITIONER:  JIMMY W. TORRES, et al. | CASE NUMBER:<br>25CV002381 |
|---|---|
| DEFENDANT / RESPONDENT:  SEGWAY INC. | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>13293896 (25352843) |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  **[X]**  Summons
    b.  **[ ]**  Complaint
    c.  **[ ]**  Alternative Dispute Resolution (ADR) Package
    d.  **[X]**  Civil Case Cover Sheet *(served in complex cases only)*
    e.  **[ ]**  Cross-Complaint
    f.  **[X]**  Other *(specify documents)*:    Complaint with Exhibit, Notice of Case Assignment and Case Management Conference
3.  a.  Party served *(specify name of party as shown on documents served)*:
        Segway, Inc.
    b.  **[X]**  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        CT Corporation System - Jessie Gastelum - Person Authorized to Accept Service of Process
4.  Address where the party was served:
    330 North Brand Blvd #700, Glendale, CA 91203
5.  I served the party *(check proper box)*
    a.  **[X]**  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on *(date)*:   Tue, May 13 2025          (2) at *(time)*:   12:40 PM
    b.  **[ ]**  **by substituted service.** On *(date)*:                  at *(time)*:                  I left the documents listed in
        item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  **[ ]**  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be
            served. I informed him or her of the general nature of the papers.
        (2)  **[ ]**  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the
            party. I informed him or her of the general nature of the papers.
        (3)  **[ ]**  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person
            to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  **[ ]**  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
            where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:               from *(city)*:                  or **[ ]** a declaration of mailing is attached.
        (5)  **[ ]**  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER:   JIMMY W. TORRES, et al.<br>DEFENDANT / RESPONDENT:   SEGWAY INC. | CASE NUMBER:<br>25CV002381 |
| --- | --- |

5.  c.  ☐  **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:        (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify)*:   Segway, Inc.

    under the following Code of Civil Procedure section:

| | |
| --- | --- |
| ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| ☐  other: | |

7.  **Person who served papers**

  a.  Name:          Zoe Roller

  b.  Address:        1400 North McDowell Blvd Suite 300, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  **The fee** for service was:   $50.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

        (i)  ☐  owner    ☐  employee    ☒  independent contractor

        (ii)  Registration No:   2023100296

        (iii)  County:   Los Angeles

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   May 14, 2025

Zoe Roller

_____

  (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA  94954
800-938-8815

_____

                (SIGNATURE)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                          )
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 15335 Morrison Street, Suite 3014, Sherman Oaks, California 91403.

On May 20, 2025, I served the document(s) described as:

1.   Proof of Service of Summons and Complaint

**[ ] BY ELECTRONIC TRANSMISSION USING THE COURT'S ELECTRONIC FILING SYSTEM:** I caused the above document(s) to be transmitted electronic mail to those registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed. R. Civ. P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

**[X] BY MAIL:** By placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows: **SEE ATTACHED SERVICE LIST**. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

**[ ] BY PERSONAL SERVICE**: By placing the document(s) listed above in a sealed envelope and causing the envelope to be delivered by hand on March 30, 2010, to the offices of the address(es) as follows:

**[ ] BY ELECTRONIC MAIL:** By transmitting via e-mail on this date the document(s) listed above to the e-mail address(es) set forth below. **SEE ATTACHED SERVICE LIST** The transmission was completed and was reported complete and without error and in accordance with counsel's approval.

**[ ] BY OVERNIGHT DELIVERY**: I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery by _____. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business. I placed the envelope(s) for collection and delivery by _____ with delivery fees paid or provided for in accordance with ordinary business practices.

1     I declare that I am employed in the office of a member of the bar of this court at whose
2  direction the service was made.

3     Executed on May 20, 2025, at Los Angeles, California.

4     _____
5     Michael D. Braun

6     **SERVICE LIST**

7

| Plaintiff's Counsel | Defendant's Counsel |
|---|---|
| | Segway Inc. |
| | c/o CT Corporation System |
| | 330 N Brand Blvd Suite 700 |
| | Glendale, CA 91203 |

CASE NUMBER: 25CV002381

# 12378Appli0021da

Document prepared for:

Attorney Sharon Eliason

CASE NAME

Jimmy Torres vs. Segway, Inc.

DOCUMENT FILED DATE

May 22nd, 2025

CASE FILING DATE

May 6th, 2025

COUNTY

Monterey county, CA

CATEGORY

Complex - Other Unlimited

STATUS

Active

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone:      (213) 401-4100
Facsimile: (213) 401-0311
Email:      mdb@kuzykclassactions.com

**DENLEA & CARTON LLP**
James R. Denlea (pro hac vice forthcoming)
Jeffrey I. Carton (pro hac vice forthcoming)
Craig M. Cepler (pro hac vice forthcoming)
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Email:      jdenlea@denleacarton.com
Email:      jcarton@denleacarton.com
Email:      ccepler@denleacarton.com
Tel.:      (914) 331-0100
Fax:      (914) 331-0105

*Counsel for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| **JIMMY W. TORRES, on behalf of himself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SEGWAY INC.,**<br><br>**Defendant.** | **CASE NO.: 25-cv-002381**<br><br>**CLASS ACTION**<br><br>**NOTICE OF HEARING RE: APPLICATION TO APPEAR PRO HAC VICE; MEMORANDUM IN SUPPORT; VERIFIED APPLICATION OF CRAIG M. CEPLER; DECLARATION OF MICHAEL D. BRAUN**<br><br>Date: June 20, 2025<br>Time: 8:30 a.m.<br>Dept: 15<br>Judge: Hon. Thomas W. Wills |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 20, 2025 at 8:30 a.m. in Department No. 15 of the Superior Court of California County of Monterey, located at 1200 Aguajito Road, Monterey, CA 93940, this Application to Appear Pro Hac Vice filed by Craig M. Cepler will be heard.

This application is supported by this Notice, the attached verified application of Craig M. Cepler and the attached declaration of Michael D. Braun.

DATED: May 22, 2025                              Respectfully submitted,

Michael D. Braun
**KUZYK LAW, LLP**
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone: (213) 401-4100
Email: mdb@kuzykclassactions.com

**MEMORANDUM IN SUPPORT OF APPLICATION OF CRAIG M. CEPLER TO APPEAR PRO HAC VICE FOR PLAINITFF JIMMY TORRES**

Rule 9.40 of the California Rules of Court governs applications of counsel to appear pro hac vice. The rule requires counsel desiring to appear pro hac vice to file a verified application with proof of service by mail in accordance with Code of Civil Procedure Section 1013a of a copy of the application and of the notice of hearing of the application on all parties who have appeared in the cause and on the State Bar of California. The attached verified application of Craig M. Cepler shows that Craig M. Cepler satisfies the requirements of Rule 9.40 for admission to appear in this action pro hac vice as counsel for Jimmy Torres. Craig M. Cepler is not a licensee of the State Bar of California or a resident of the State of California; is not regularly employed in the State of California; is not regularly engaged in substantial business, professional, or other activities in the State of California; is an attorney in good standing of and eligible to practice before the bar of New York; and has been retained to appear in this action. Counsel for Jimmy Torres has notified and provided copies of this application and supporting documents to the State Bar of California, and submitted the required fifty dollar fee for the application of Craig M. Cepler.

Based on these facts and the supporting information provided in the attached verified application of Craig M. Cepler and declaration of Michael D. Braun, counsel for Jimmy Torres hereby requests that Craig M. Cepler be permitted to appear as counsel pro hac vice for Jimmy Torres in this action.

DATED: May 22, 2025                          Respectfully submitted,

                                             Michael D. Braun
                                             **KUZYK LAW, LLP**
                                             2121 Avenue of the Stars, Ste. 800
                                             Los Angeles, California 90067
                                             Telephone: (213) 401-4100
                                             Email: mdb@kuzykclassactions.com

**VERIFIED APPLICATION OF CRAIG M. CEPLER FOR PRO HAC VICE
ADMISSION TO APPEAR AS COUNSEL FOR JIMMY TORRES**

I, Craig M. Cepler, hereby petition the above-entitled court to permit me to appear and participate in this case, and in support of petition state:

1. My residence address is 142 Ralph Avenue, White Plains, New York 10606.

2. My office address is Denlea & Carton LLP, 2 Westchester Park Drive, Suite 410, White Plains, New York 10604.

3. I was admitted to the Bar of the State of New York, Bar No. 4426219 in 2006; Bar of the State of New Jersey, Bar No. 50932013 in 2013; and the Bar of the State of Connecticut, Juris No. 443176 in 2023 and am admitted to all courts in those three states.

4. I was admitted, am a member in good standing of, and am eligible to practice before the following federal courts on the following dates:

- Southern District of New York - 2007
- Eastern District of New York - 2007
- Western District of New York - 2023
- Northern District of New York - 2016
- District of Connecticut - 2010
- District of New Jersey - 2013
- Second Circuit - 2025

5. I am not currently suspended or disbarred in any court.

6. I am not regularly engaged in the practice of law or other business in the State of California.

7. I have filed applications to appear pro hac vice in the following matters in the past two years:

*Castellano v. Igloo Products Corp.*, Case No. 2:25-cv-2733 (MWF) (JC) (C.D. Cal.)

8. Local counsel of record with whom I am associated in this matter is
Michael D. Braun (CAB #167416)
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067

I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 22, 2025                                    Respectfully submitted,

Craig M. Cepler
**DENLEA & CARTON LLP**
2 Westchester Park Drive, Suite 410
White Plains, New York 10604

**DECLARATION OF MICHAEL D. BRAUN
IN SUPPORT OF APPLICATION OF CRAIG M. CEPLER FOR PRO HAC VICE
ADMISSION TO APPEAR AS COUNSEL FOR JIMMY TORRES**

I, Michael D. Braun, declare:

1. I am a member of the State Bar of California and of Kuzyk Law, LLP, attorneys for Jimmy Torres. I have personal knowledge of the facts set forth below and, if called as a witness, could testify to them.

2. I have been acting as local counsel for Jimmy Torres in the referenced matter.

3. Craig M. Cepler, of Denlea & Carton LLP in White Plains, New York, has been directing all of the substantive issues in the case, and Jimmy Torres seeks to have him serve as his trial counsel for the matter.

4. I have reviewed the executed applications for admission pro hac vice of Craig M. Cepler, and am informed and believe that-all the information contained therein is true and correct.

5. I am informed and believe that Craig M. Cepler, is a member of the State Bar of New York and was admitted to practice in 2006.

6. This declarant requests that this Court allow Craig M. Cepler, to appear as counsel pro hac vice and to be associated as co-counsel in connection with the above entitled case and to participate in all aspects thereof, including all trial and pre-trial proceedings.

7. I have served a copy of this declaration and the application for admission on the San Francisco offices of the State Bar of California with the necessary fee.

I declare under penalty of perjury under the laws of the California that the foregoing is true and correct.

Executed this 22nd day of May, 2025, in Los Angeles, California.

_____
Michael D. Braun

1

2    **KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
3    2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
4    Telephone:      (213) 401-4100
Facsimile: (213) 401-0311
Email:      mdb@kuzykclassactions.com

5

6    **DENLEA & CARTON LLP**
James R. Denlea (pro hac vice forthcoming)
7    Jeffrey I. Carton (pro hac vice forthcoming)
Craig M. Cepler (pro hac vice forthcoming)
8    2 Westchester Park Drive, Suite 410
White Plains, New York 10604
9    Email:      jdenlea@denleacarton.com
Email:      jcarton@denleacarton.com
10   Email:      ccepler@denleacarton.com
Tel.:      (914) 331-0100
11   Fax:      (914) 331-0105

12   *Counsel for Plaintiff*

13

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                     **FOR THE COUNTY OF MONTEREY**
15

16   **JIMMY W. TORRES, on behalf of**          **CASE NO.: 25-cv-002381**
     **himself and all others similarly situated,**
17                                                **CLASS ACTION**

18                          **Plaintiff,**        **PROOF OF SERVICE RE DELIVERY OF**
                                                  **APPLICATIONS TO APPEAR PRO HAC**
19            **v.**                              **VICE WITH FILING FEE TO THE STATE**
                                                  **BAR OF  CALIFORNIA**
20   **SEGWAY INC.,**

21                          **Defendant.**

22

23

24

25

26

27

28

PROOF OF SERVICE

I, Michael D. Braun , am employed in the County of, State of California. I am over the age of 18 and not a party to the within action; my business address is 2121 Avenue of the Stars, Suite 800, Los Angeles, CA 90067. On May 22, 2025, I served the foregoing document described as:

1. NOTICE OF HEARING RE APPLICATION TO APPEAR PRO HAC VICE;

2. MEMORANDUM IN SUPPORT OD APPLICATION OF CRAIG M. CEPLERTO APPEAR PRO HAC VICE FOR JIMMY TORRES;

3. VERIFIED APPLICATION OF CRAIG M. CEPLER TO APPEAR PRO HAC VICE AS COUNSEL FOR JIMMY TORRES;

4. DECLARATION OF MICHAEL D. BRAUN IN SUPPORT OF APPLICATION OF CRAIG M. CEPLER TO APPEAR PRO HAC VICE AS COUNSEL FOR JIMMY TORRES;

5. FILING FEE OF FIFTY DOLLARS.

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

Segway, Inc.
c/o CT Corporation System
 330 N Brand Blvd Suite 700
Glendale, CA 91203

Office of Admissions
The State Bar of California
180 Howard Street
San Francisco, CA 94105

[ X ] (BY U.S. MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at CITY, STATE in the ordinary course of business. I am aw on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1      I declare that I am employed in the office of a member of the bar of this court at whose

2 direction the service was made.

3

4      Executed on May 22, 2025, at Los Angeles, California.

5

6                          _____

7                            Michael D. Braun

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit  B



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20250188502 |
| Date Filed: 1/27/2025 |

### Entity Details

| | |
| --- | --- |
| Corporation Name | SEGWAY INC. OF DELAWARE |
| Entity No. | 3707825 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 6600 CHASE OAKS BLVD<br>SUITE 150<br>PLANO, TX 75023 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 6600 CHASE OAKS BLVD<br>SUITE 150<br>PLANO, TX 75023 |
| Attention | Legal |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | 405 E SANTA CLARA ST<br>ARCADIA, CA 91006 |

### Officers

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| Vacancy Vacancy | 405 E SANTA CLARA ST<br>ARCADIA, CA 91006 | Chief Financial Officer |
| ➕ Wei (Wayde) Zhao | 6600 CHASE OAKS BLVD<br>SUITE 150<br>PLANO, TX 75023 | Chief Executive Officer |
| ➕ Vacancy Vacancy | 6600 CHASE OAKS BLVD<br>SUITE 150<br>PLANO, TX 75023 | Secretary |

### Additional Officers

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| Wei (Wayde) Zhao | 405 E SANTA CLARA ST.<br>ARCADIA, CA 91006 | Other | President |

### Directors

| Director Name | Director Address |
| --- | --- |
| None Entered | |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | C T CORPORATION SYSTEM<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| --- | --- |
| Type of Business | ANY LAWFUL PURPOSE |

**Email Notifications**

| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Yueqi Wang*
Signature

*01/27/2025*
Date

B3391-7018 01/27/2025 5:44 PM Received by California Secretary of State

# Exhibit  C

1   JESSICA M. LEANO (SBN 323677)
    leano.jessica@dorsey.com
2   DORSEY & WHITNEY LLP
    600 Anton Boulevard, Suite 2000
3   Costa Mesa, CA 92626-7655
    Telephone:  (714) 800-1400
4   Facsimile:  (714) 800-1499

5
    Attorney for Defendant SEGWAY, INC.
6

7                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                              **COUNTY OF MONTEREY**

9

10
    JIMMY W. TORRES, on behalf of          CASE NO:  25CV002381
11  himself and all others similarly situated,
                                           **NOTICE OF REMOVAL TO**
12            Plaintiff,                    **FEDERAL COURT**

13  v.
                                           Complaint Filed:  May 6, 2025
14  SEGWAY, INC.,                          Trial Date:  Not set.

15            Defendant.

16

17

18

19

20

21  / / /

22

23

24

25

26

27

28

---
NOTICE OF REMOVAL TO FEDERAL COURT

1
2
3

**TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF MONTEREY, AND TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

4
5
6
7
8
9

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, please take notice that defendant Segway, Inc. ("Defendant" or "Segway") has filed a Notice of Removal with the United States District Court for the Northern District of California for the purpose of removing the above-captioned action from this Court. Section 1446(d) provides, "the State court shall proceed no further unless and until the case is remanded." The new United States District Court case number is _____.

10
11
12

Attached hereto as Exhibit A is a true and correct copy of the Notice of Removal and supporting documents, which were filed on June 12, 2025, with the Clerk of the United State District Court for the Northern District of California.

13
14
15

DATED:  June 12, 2025                    DORSEY & WHITNEY LLP

16
17
18
19

By: _____
      JESSICA M. LEANO
      ADAM BUCK
      KIRK SCHULER
      Attorneys for Defendant SEGWAY, INC.

20
21
22
23
24
25
26
27
28

1

2

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

4

    I am employed in the City of Costa Mesa, County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, California 92626-7655.  On June 12, 2025, I served the documents named below on the parties in this action as follows:

5

6

DOCUMENT(S) SERVED:

**NOTICE OF REMOVAL OF CLASS ACTION TO THE UNITED STATES DISTRICT COURT**

7

**[28 U.S.C. §§ 1332, 1441, 1446, AND 1453]**

8

9

10

11

SERVED UPON:

Michael D. Braun (SBN 167416)
KUZYK LAW, LLP
2121 Avenue of the Stars, Suite 800
Los Angeles, California 90067
Telephone.: (213) 401-4100
Facsimile: (213) 401-0311
Email: mdb@kuzykclassactions.com

12

13

14

15

16

17

James R. Denlea
Jeffrey I. Carton
Craig M. Cepler
DENLEA & CARTON LLP
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Telephone.: (914) 331-0100
Facsimile: (914) 331-0105
Email: jdenlea@denleacarton.com
Email: jcarton@denleacarton.com
Email: ccepler@denleacarton.com
*Attorneys for Plaintiff*

18

19

20

☒     **(VIA FEDERAL EXPRESS)**  I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

21

22

23

☒     **(VIA ELECTRONIC MAILING SERVICE)** Complying with CCP Section 1010.6, my electronic business address is gomez.melanie@dorsey.com and I caused such document(s) to be electronically served to the interested parties at the e-mail addresses indicated below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmissions were unsuccessful.

24

☒     **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

25

    Executed on June 12, 2025, at Costa Mesa, California.

26

27

*Melanie Y. Gomez*
Melanie Y. Gomez

28